**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**UNITED STATES OF AMERICA,**

    Plaintiff,

vs.                                                    Case No. 4:09cv46-RH/WCS

**FLORIDAUCC INC., and
STEVEN EUGENE PASSMORE,**

    Defendants.

_____/

**REPORT AND RECOMMENDATION**

On February 4, 2009, the United States filed a complaint against two Defendants for common law fraud, 28 U.S.C. § 1331, and under the Florida Deceptive and Unfair Practices Act, FLA. STAT. § 501.201, and the Florida False Claims Act, FLA. STAT. § 68.082. Doc. 1. On March 30, 2009, a notice of appearance, an amended notice, and the Answer was filed by Defendant FloridaUCC. Docs. 10-12. *Pro se* Defendant Passmore was served with process on February 19, 2009. Doc. 9. I entered an order noting Defendant Passmore was in default on April 7, 2009, and directing him to file a response to the complaint. Doc. 13. Defendant Passmore had submitted a document to the Court on April 7, 2009, which was entered on the docket and generously titled by

the Clerk's Office as his Response.  Doc. 14.  That document is only a response indicating Defendant Passmore returned the summons, but it is not a response to the factual allegations in the complaint.  Defendant Passmore's letter to the Clerk, submitted a week later, is legally meaningless.  Moreover, Defendant Passmore was advised that any further documents which he attempted to submit that did not comply with the rules of this Court (such as his original signature, proper style for this case as shown on the first page of this order, and an *included* certificate of service), would be returned without being filed or considered.  Doc. 18.

After Plaintiff filed a motion for summary judgment, doc. 16, supported by a statement of material facts, doc. 17, the Defendants were directed to file a response to the motion on or before May 29, 2009.  Doc. 18.  Defendant FloridaUCC, Inc. responded on May 28, 2009.  Doc. 19.  Defendant Passmore submitted a document titled on the right side of the front page as a motion to dismiss under Rule 12(b) for lack of jurisdiction, lack of personal jurisdiction, and failure to state a claim.  Doc. 20.  The title which is correctly placed under the case style is "Declaration by Affidavit Under Penalty of Perjury."  Doc. 20.  This document was filed on May 29, 2009, but appears to have been delivered to prison officials for mailing on May 26, 2009.  Doc. 20.

The record discloses that Defendant Passmore was served with process on February 19, 2009.  Doc. 9.  Giving Defendant Passmore the most generous time possible, it still is true that the motion to dismiss was not filed until May 26th (under the mailbox rule).[1]  Rule 12 provides that a defendant "must serve an answer . . . within 20

---

[1] A pro se prisoner's notice of appeal is considered to be filed on the date that the prisoner delivers the notice to prison authorities for mailing.  *Houston v. Lack*, 487 U.S. 266, 275,

days after being served with the summons and complaint . . . ." FED. R. CIV. P. 12(a)(1)(A)(i). Defenses such as lack of subject matter jurisdiction or lack of personal jurisdiction or failure to state a claim "must be asserted in the responsive pleading if one is required." FED. R. CIV. P. 12(b). A response to a complaint is required. Furthermore, a motion asserting those "defenses must be made before pleading if a responsive pleading is allowed." FED. R. CIV. P. 12(b). The rules provide that a party raising the defense of lack of personal jurisdiction has waived the defense if the party fails to make it by motion under the Rule. FED. R. CIV. P. 12(h)(1). Because Plaintiff's motion was filed well beyond the 20 day time period, the defense of personal jurisdiction is waived. Indeed, Defendant Passmore is aware from the prior order that he was in default. *See* doc. 13. The Defendant was given until April 21, 2009, in which to file an Answer. *Id.*, at 2. Defendant Passmore failed to do so.

As for the other two defenses, lack of subject matter jurisdiction and failure to state a claim, those defenses are frivolous and there is no need to await a response to the motion from Plaintiff before ruling on the motion to dismiss. Subject matter exists to decide this case pursuant to 28 U.S.C. §§ 1345, 1346(b)(1). Federal courts have

---

108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). This same "mailbox rule" governs the filing date for a complaint by a pro se prisoner under § 1983 or the Federal Tort Claims Act. *Garvey v. Vaughn*, 993 F.2d 776, 783 (11th Cir.1993). Other circuits have applied this rule to a pro se prisoner's filing of a motion to vacate. See, e.g., *Sonnier v. Johnson*, 161 F.3d 941, 944 (5th Cir.1998). For the same reasons that this Court has applied the mailbox rule to other filings by pro se prisoners, this Court holds that a pro se prisoner's motion to vacate is deemed filed the date it is delivered to prison authorities for mailing.

Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999).

Case No. 4:09cv46-RH/WCS

subject matter jurisdiction over actions filed by the United States as Plaintiff.  28 U.S.C. § 1345.  Venue is proper in the Northern District of Florida as the filings were made in Tallahassee, which is within the territorial jurisdiction of this Court.  28 U.S.C. § 1391(b).

The complaint also states a valid claim.  Monroe v. Beard, 536 F.3d 198, 203 (3rd Cir. 2008), *citing to e.g.,* United States v. Joiner, 418 F.3d 863 (8th Cir. 2005)(affirming judgment of conviction of conspiracy to injure a judicial officers in their property and to intimidate judicial officers in the discharge of their duties against defendant-inmates who filed false UCC liens against judges and prosecutors); United States v. Speight, 75 Fed.Appx. 802 (2d Cir. 2003)(affirming judgment of conviction against defendant-inmates claiming that government officials owed them multi-million dollar debts and filing fraudulent liens to obtain those "debts"); United States v. McKinley, 53 F.3d 1170 (10th Cir. 1995)(affirming order declaring false commercial lien, filed by defendant-inmate against prosecutor and judge, "null, void and of no legal effect"); United States v. Martin, 356 F.Supp.2d 621 (W.D.Va. 2005)(granting government's request for civil injunctions and monetary damages against defendant-inmates who filed false commercial liens against judges and prosecutors); United States v. Orrego, No. 04-CV-0008SJ, 2004 WL 1447954 (E.D.N.Y. June 22, 2004)(granting injunction and an award of money damages in civil action brought by the government against defendant-inmates who filed fraudulent liens against judge as retribution for using inmate's "copyrighted" name); United States v. Anderson, No. 97C821, 1998 WL 704357 (N.D.Ill. Sept.25, 1998)(granting declaratory, injunctive and monetary relief for government in action against defendant-inmate who filed commercial liens against judge, prosecutor, and his public defender); See United States v. Poole,

916 F.Supp. 861, 863 (C.D.Ill. 1996) (granting government declaratory relief where defendant filed frivolous liens on federal employees involved in his criminal conviction). In Anderson, 1998 WL 704357, the court also found that by knowingly filing a false lien, and demanding claims on the supposed "lien debtors," the inmate violated the False Claims Act as well as having committed mail fraud.

The "United States has an interest in protecting its employees from such blatant forms of retaliatory harassment arising out of actions pertaining to their official duties." Poole, 916 F.Supp. at 863.  The United States has standing to bring actions to protect federal employees from harassment.  Defendant Passmore's motion to dismiss should be summarily denied.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant Passmore's motion to dismiss, doc. 20, be **DENIED** in all respects.

**IN CHAMBERS** at Tallahassee, Florida, on June 2, 2009.


 s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**