IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**UNITED STATES OF AMERICA,**

    Plaintiff,

vs.                                    Case No. 4:09cv46-RH/WCS

**FLORIDAUCC INC., and
STEVEN EUGENE PASSMORE,**

    Defendants.

_____/

## SECOND REPORT AND RECOMMENDATION

On February 4, 2009, Plaintiff filed a complaint against two Defendants for common law fraud, 28 U.S.C. § 1331, for retaliation against a federal judge, 18 U.S.C. § 1521, under the Florida Deceptive and Unfair Practices Act, FLA. STAT. § 501.201, the Florida False Claims Act, FLA. STAT. § 68.082, and seeking a permanent injunction. Doc. 1. Plaintiff filed a motion for summary judgment, doc. 16, supported by a statement of material facts, doc. 17. Defendants were directed to file a response to the motion by May 29, 2009, and were advised of their obligation to respond under Rule 56. Doc. 18. Defendant FloridaUCC, Inc. responded on May 28, 2009. Doc. 19. Defendant Passmore did not respond to the motion, but submitted his own motion to

dismiss which has been reviewed, doc. 20,[1] and addressed in a separate report and recommendation.

**The Complaint, doc. 1**

Plaintiff seeks permanent injunctive relief in this action, requesting that certain documents be removed from the files of Defendant FloridaUCC and that no further filings be accepted from Defendant Steven Eugene Passmore.  Doc. 1.  The complaint alleges Defendant Passmore fraudulently filed financing statements in the public records for the State of Florida against the Honorable Harvey E. Schlesinger, a Senior United States District Judge in the Middle District of Florida.  *Id.*  Defendant Passmore has had no business dealing with Judge Schlesinger, and the filing that Defendant Passmore submitted to the FloridaUCC indicating Judge Schlesinger was indebted to him was fraudulent.  On or about October 21, 2008, Defendant Passmore claimed Judge Schlesinger owed him "one hundred million dollars" and claimed he had a valid lien against all assets of Judge Schlesinger.  Doc. 1, p. 3; *see also* Exhibit 1 (doc. 1-2).[2] Judge Schlesinger has not entered into any "consensual or commercial financial relationship with the Defendant Passmore."  Doc. 1, p. 4.  Defendant Passmore filed the "notice in bad faith with the purpose of slandering the credit of District Judge

---

[1] Defendant Passmore submitted a document titled on the right side of the front page as a motion to dismiss under Rule 12(b) for lack of jurisdiction, lack of personal jurisdiction, and failure to state a claim.  Doc. 20.  The title which is correctly placed under the case style is "Declaration by Affidavit Under Penalty of Perjury."  Doc. 20. This document was filed on May 29, 2009, but appears to have been delivered to prison officials for mailing on May 26, 2009.  Doc. 20.

[2] Hereafter, all references to exhibits are referenced first to the paper copy and page number, followed by a reference (in parenthesis) to the corresponding document and page in the electronic docket.  Both citations are referenced as a pro se litigant will not have access to the court's electronic docket.

Case No. 4:09cv46-RH/WCS

Schlesinger." *Id.* The only contact Judge Schlesinger has had with Defendant Passmore "has been through the performances of his duties as United States District Court Judge." *Id.*, at 3. The filed documents are false. *Id.*, at 4.

**Motion for Summary Judgment, doc. 16**

The motion asserts that Defendant Passmore "fraudulently and falsely filed financing statements in the State of Florida public records against Senior Judge Harvey E. Schlesinger, District Court Judge for the United States [District] Court for the Middle District of Florida, sitting in Jacksonville . . . ." *Id.*, at 1. The statements have harmed the Judge as they "are untrue and [have] the propensity of adversely affecting the Judge's credit ratings." *Id.*, at 1-2.

**Uncontested Facts, doc. 17**

Defendant Passmore is a federal prisoner who has convicted in the Middle District of Florida, with Senior Judge Schlesinger as the sentencing judge. Doc. 17, p. 1. FloridaUCC is a corporation which, pursuant to a contract with the State of Florida, maintains "the Florida Secured Transaction Registry" which records Uniform Commercial Code filings and makes them available to the public. *Id.*, at 2.

Under the registry's system of "notice filing," a financing statement is filed with the Registry to "give notice to all interested parties that someone claims a secured interest in the personal property listed." *Id.*, at 2, 3. The financing statement "creates a cloud upon the alienability and title of the Debtor's personal property." *Id.*, at 3. Pursuant to Florida law, a financing statement may be filed only if the debtor authorizes the filing. *Id.*, at 3, citing FLA. STAT. § 679.509(1)(a). The filing office has authority to refuse a proffered filing in certain situations. *Id.*, citing FLA. STAT. § 679.516(1).

In the October 21, 2008, filing with the FloridaUCC by Defendant Passmore, he claimed "a security interest in all personal property of Senior Judge Schlesinger and Magistrate Judge Klindt securing a debt allegedly owed" him in the amount of $100,000,000.00 for "claims of irreparable injuries and damages."  Doc. 17, p. 4; *see also* doc. 1, ex. 1.  It was accepted by the FloridaUCC, Inc. and assigned number 200809392532.  *Id.*  Defendant Passmore attached security agreements purportedly signed by Senior Judge Schlesinger to the financing statement.  *Id.*, at 4.  Judge Schlesinger has no financial relationship with Defendant Passmore, "has not signed any security agreement, has not authorized the filing of said financing document, hand not created any security document of any kind and any assertions to the contrary are false and fraudulent."  Doc. 17, p. 4.  Defendant Passmore lacks any debtor/creditor relationship between himself and either Judge Schlesinger or Magistrate Judge Klindt.[3]  *Id.*

Supporting the summary judgment motion is an Affidavit by Senior Judge Schlesinger.  Doc. 17, Exhibit 1 - "Schlesinger Declaration" (Doc. 17-2, p. 2.).  Judge Schlesinger was the sentencing judge for Defendant Passmore.  *Id.*  Passmore was "convicted of drug crimes after pleading guilty" and, on February 24, 1999, Judge Schlesinger sentenced Passmore "to a total imprisonment period of 360 months."  *Id.*  Defendant Passmore appealed, but the conviction and sentence was affirmed.  *Id.*  Since then, Defendant Passmroe has filed numerous collateral challenges, all of which have been denied.  *Id.*

---

[3] Before being appointed a United States Magistrate Judge, James Klindt was the Assistant United States Attorney who prosecuted Defendant Passmore.  Doc. 17, p. 2.

Judge Schlesinger has never had any direct contact with Defendant Passmore, other than as the sentencing judge, and has no personal relationship with Defendant Passmore.  *Id.*  Judge Schlesinger has never engaged in any financial relationship with Defendant Passmore, never discuss any financial affairs, and never contracted with him.  *Id.*  Judge Schlesinger does not owe "Defendant Passmore anything of value whatsoever and specifically [does] not owe him $100,000,000.00 as he has reported to the FloridaUCC, Inc."  *Id.*  Judge Schlesinger has not authorized Defendant Passmore to file anything with the FloridaUCC, Inc., or any agency, and all documents filed by Defendant Passmore to the contrary are false and fraudulent."  Doc. 17, Exhibit 1 - "Schlesinger Declaration" (Doc. 17-2, p. 3).

Additionally, Defendant Passmore filed a false financing statement against United States Magistrate Judge James Klindt as well.  Doc. 17, p. 2; Exhibit 2 - "Klindt Declaration" (doc. 17-3).  Judge Klindt has never contracted with Defendant Passmore, never engaged in any financial relationship with him, and never borrowed any money from Defendant Passmore.  Exhibit 2 (doc. 17-3, p. 3).  Judge Klindt does not owe Defendant Passmore any money, and specifically [does] not owe him $100,000,000.00 as he has reported to the FloridaUCC, Inc."  *Id.* (doc. 17-3, p. 4).  In the October 21, 2008, filing made by Defendant Passmore with the FloridaUCC, number 200909392532, Defendant Passmore also claimed "a security interest in all personal property of Magistrate Judge Klindt.  Doc. 1, ex. 1.  Defendant Passmore attached a security agreement purportedly signed by Magistrate Judge Klindt to the financing statement.  Doc. 1, ex. 1.  The document was not signed by Magistrate Judge Klindt.  Ex. 2 (doc. 17-3).

**FloridaUCC's Response, doc. 19**

While FloridaUCC does not object to the granting of Plaintiff's summary judgment motion, this Defendant has filed a response to provide some clarification. Doc. 19. The Florida Legislature privatized the UCC's filing functions and, pursuant to FLA. STAT. § 679.527, the Florida Secretary of State contracted with FloridaUCC to "perform the administrative and operational functions of the filing office for the Florida Secured Transaction Registry (the 'Registry')." *Id.*, at 2. "FloridaUCC has no knowledge of any relationship between" Defendant Passmore and Judge Schlesinger, and FloridaUCC has "no role in determining whether a particular filing was, in fact, authorized by the alleged debtor." *Id.* FloridaUCC states that Florida law prevents its involvement in that inquiry. FloridaUCC functions only in a "ministerial" capacity and is "not responsible for the legal sufficiency of the information that a filer presents for filing." *Id.*, at 2, 3. There is no obligation under Florida law for FloridaUCC to make a "substantive review of a filing to determine whether an alleged debtor did or did not authorize the filing to be made." *Id.*, at 4.

FloridaUCC cites to FLA. STAT. § 679.625 as setting forth remedies for unauthorized filings. Doc. 19, p. 3. In particular, a debtor could filed a "correction statement" to challenge a filing, or a "termination statement" when a filing was not authorized. *Id.* The filing of a termination statement under FLA. STAT. § 679.513(3)(d), and (4), which will terminate the effectiveness of a financing statement and extinguish a lien or security interest. *Id.* There is no charge for filing such a statement. *Id.,* at 4, n.1. Doing so, however, means the original filing statement would not be removed from the

public records, although "the legal effect is the same because the lien is extinguished." *Id.*

Nevertheless, FloridaUCC advises that, "upon entry of a court order," the records challenged here could be removed from the Registry. *Id.*, at 5. Previously, court orders have required the removed record to be marked "null and void" with a copy of the court order attached to the record. *Id.* FloridaUCC can also "programmatically 'flag,' or identify, any subsequent filing that may be attempted by Defendant Passmore. . . so that the Government's counsel can be immediately notified." *Id.*, at 5. FloridaUCC, as the custodian of Registry records, contends that records should be maintained in the event of subsequent litigation or criminal prosecution rather than being destroyed or expunged. *Id.*

**Analysis**

Plaintiff submitted a "separate, short and concise statement of the material facts as to which the Government contends there is no genuine issue to be tried" as required by N.D. Fla. Loc. R. 56.1. Doc. 17. Defendant FloridaUCC does not dispute the facts as presented. Doc. 19. Defendant Passmore has not presented any facts which dispute the statement of facts presented by the Plaintiff. Doc. 20, pp. 1-3. Defendant Passmore's affidavit has been reviewed, but contains no genuine dispute of a material factual that would preclude the entry of summary judgment.

Both Defendants have responded in this action and were properly served; thus, personal jurisdiction exists. Venue is proper in the Northern District of Florida as the filings were made in Tallahassee, which is within the territorial jurisdiction of this Court. 28 U.S.C. § 1391(b). Subject matter also exists to decide this matter pursuant to 28

U.S.C. § 1345, 1346(b)(1).  Federal courts have subject matter jurisdiction over actions filed by the United States as Plaintiff.  28 U.S.C. § 1345.

The undisputed evidence here is that Defendant Steven Eugene Passmore filed a false financial statement with FloridaUCC.  Defendant Passmore had no legal basis for filing such a lien, and his fraudulent conduct has undoubtedly harmed two federal judges.  The judges had no business or financial relationship with Defendant Passmore other than sentencing and prosecuting Defendant Passmore for criminal conduct in the Middle District of Florida.  Defendant Passmore's conduct is harassment, and was done intentionally to retaliate, and for the purpose of causing harm to the federal employees.  Defendant Passmore's conduct is felonious under 18 U.S.C. § 1521.[4]

Federal courts previously confronted with prisoners who abuse the judicial process and retaliate against those public officials who simply are performing the duties required by their position, have granted injunctive relief.  Doc. 9, *citing* United States v. McKinley, 53 F.3d 1170, 1171-72 (10th Cir. 1995); Monroe v. Beard, 536 F.3d 198, 203 (3rd Cir. 2008), *citing to e.g.,* United States v. Joiner, 418 F.3d 863 (8th Cir. 2005) (affirming convictions for two federal prisoners who filed false UCC Financing Statements against a federal district judge and Assistant United States Attorney).  In

---

[4] That statute provides that "whoever files . . . in any public record or in any private records which is generally available to the public, any false lien or encumbrance against the real or personal property of an individual described in section 1114, on account of the performance of official duties by that individual, knowing or having reason to know that such lien of encumbrance is false . . . shall be fined under the title or imprisoned for not more than 10 years, or both."  18 U.S.C. § 1521.  Section 1114 describes the official as "any officer or employee of the United States or of any agency in any branch of the United States Government . . .   while such officer or employee is engaged in or on account of the performance of official duties, or any person assisting such an officer or employee in the performance of such duties . . . ."  18 U.S.C. § 1114.

Case 4:09-cv-00046-RH-WCS   Document 22   Filed 06/03/09   Page 9 of 12

Page 9 of 12

McKinley, the Tenth Circuit affirmed the district court's decision to release the liens and enjoin the prisoner from filing "similar liens or encumbrances against the property of government officials in the future."  53 F.3d at 1172, *citing* United States v. Ekblad, 732 F.2d 562 (7th Cir. 1984).  The harassment of judicial branch employees by a prisoner, simply for performing the duties of that employment cannot be tolerated.  The baseless actions of prisoners exacting revenge on those persons who do not act in a way desired by the prisoner should meet, in all cases, with swift justice.  The effects on one's credit report from such actions may have repercussions not yet felt.  It is not difficult, however, to imagine the stressful effects on the judicial employees who have been maligned by the actions of Defendant Passmore.  Justice is required for those public officials who serve the public and then are targeted precisely for that service.

In arriving at that justice, it is suggested by Defendant FloridaUCC, Inc., that the debtors could file termination statements concerning the liens.  Doc. 19.  Neither Judge Schlesinger nor Judge Klindt should be put to such a procedure, nor should they be required to wait any further for relief from the frivolous and malicious lien filed against them.

The Defendant FloridaUCC should be ordered to remove all filings made by Defendant Steven Eugene Passmore, in whichever fashion he may submit his name, against Senior District Judge Harvey E. Schlesinger or Magistrate Judge James Klindt.  Such removal should be directed to happen within ten working days from the date the order adopting this report and recommendation is adopted.[5]  The removal shall be

---

[5] Ten working days is shorter than the thirty days requested by FloridaUCC to effectuate the court order, doc. 19, p. 5, n.3, but considering the time between issuance of this report and recommendation and the order adopting it, FloridaUCC should be able to perform that task with minimal impact considering this advance notice.

Case No. 4:09cv46-RH/WCS

marked with the statement, "The United States District Court for the Northern District of Florida has found this financing instrument to be null, void, and of no legal effect." The order entering summary judgment to Plaintiff should be attached to the record. Furthermore, Defendant FloridaUCC should be required to search its database and records to determine if any other Financing Statements or other such instruments have been filed by Defendant Passmore that are not addressed in this action. Defendant FloridaUCC should be required to search its database and records to determine if any other filings have been made against Senior Judge Harvey E. Schlesinger or Magistrate Judge Klindt, beyond the filing discussed in this case. Defendant FloridaUCC should be required to notify the Government of any other such statements purporting to create a debt between Defendant Passmore and other public officials. Finally, Defendant Passmore should be permanently enjoined from filing any other liens, encumbrances, UCC Financing Statements, or similar instruments in any federal or state agency, department, or court, without the prior approval of this Court. *See* United States v. Gordon, 2006 WL 2724908, at *4 (S.D. Ga., 2006). Defendant Passmore's harassment of public servants will not be permitted to continue. The order adopting this report and recommendation should declare all liens and Financing Statements to be null and void and of no legal effect. Any further acts should be met with expeditious justice, including possible prosecution for such illegal conduct.

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that Plaintiff's motion for summary judgment, doc. 16, be **GRANTED**, and the order adopting this report and recommendation provide the following injunctive relief: (1) Defendant FloridaUCC be **ORDERED** to (a) remove all

filings made by Defendant Steven Eugene Passmore against Senior Judge Harvey E. Schlesinger or Magistrate Judge James Klindt within ten days; (b) such removal be marked with the statement, "The United States District Court for the Northern District of Florida has found this financing instrument to be null, void, and of no legal effect"; (c) attach the order entering summary judgment to Plaintiff to the removal; (d) search the database and records of FloridaUCC to determine if any other Financing Statements or other such instruments have been filed by Defendant Passmore; (e) search the database and records to determine if any other filings have been made against Senior Judge Harvey E. Schlesinger or Magistrate Judge James Klindt; (f) notify the Government of any other such statements purporting to create a debt between Defendant Passmore and other public officials; (2) Defendant Steven Eugene Passmore be **ENJOINED** permanently from filing any other liens, encumbrances, UCC Financing Statements, or similar instruments in any federal or state agency, department, or court, without the prior approval of this Court.

It is further **RECOMMENDED** that the Court **DECLARE** the Financing Statements filed on October 21, 2008, by Steven Eugene Passmore to be false and fraudulent.

**IN CHAMBERS** at Tallahassee, Florida, on June 3, 2009.

 s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

Case No. 4:09cv46-RH/WCS