IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                    CASE NO.  4:09cv46-RH/WCS

FLORIDAUCC INC., and
STEVEN EUGENE PASSMORE,

      Defendants.

_____/

**PERMANENT INJUNCTION AND ORDER
DIRECTING CLERK TO ENTER JUDGMENT**

      This case is before the court on the magistrate judge's first and second reports (documents 21 and 22), the objections (document 23), and the response (document 24).  I have reviewed *de novo* the issues raised by the objections.

      As set forth in the reports, the defendant Steven Eugene Passmore fraudulently filed financing statements against a former Assistant United States Attorney who successfully prosecuted Mr. Passmore for federal crimes and against the United States District Judge who sentenced Mr. Passmore.  Mr. Passmore filed the liens in this district with the defendant FloridaUCC, Inc. ("FloridaUCC"). FloridaUCC is a private entity that, under a contract with the State of Florida, maintains the records of filings under the Uniform Commercial Code in Florida.

The first report correctly concludes that Mr. Passmore's motion to dismiss should be denied. One ground asserted in the motion is lack of personal jurisdiction. The report concludes that Mr. Passmore waived this ground by failing to file a timely answer or motion to dismiss raising the issue. Whether a defendant waives lack of personal jurisdiction when he raises the issue in an untimely first response to a complaint may not be clear. But here is does not matter. Mr. Passmore filed the fraudulent lien claim in this district. He is subject to personal jurisdiction here.

The second report correctly concludes that the plaintiff United States is entitled to summary judgment based on the facts established by this record and the governing law. The issue is not close.

For these reasons,

IT IS ORDERED:

1. The first and second reports and recommendations (documents 21 and 22) are ACCEPTED.

2. Mr. Passmore's motion to dismiss (document 20) is DENIED.

3. The plaintiff's motion for summary judgment (document 16) is GRANTED.

4. Mr. Passmore must not file any financing statement or claim of lien of any kind against any federal judge, prosecutor, or other official unless Mr.

*Case No: 4:09cv46-RH/WCS*

Passmore has had commercial dealings with the person and the person has signed a contract, note, security agreement, or other document explicitly authorizing the filing.

     5.  The defendant FloridaUCC, Inc. must remove from the Uniform Commercial Code registry each document filed by Mr. Passmore against James R. Klindt or Harvey E. Schlesinger.  The removal must be done immediately and in any event by July 16, 2009.  FloridaUCC may maintain, for its own records, the original or a copy of a removed document, so long as (a) the document is maintained outside the UCC registry so that it will not be found in an ordinary search of UCC filings, and (b) the document is marked: "This document has been declared void and of no effect by the United States District Court for the Northern District of Florida in Case No. 4:09cv46."  A document is "marked" within the meaning of this paragraph only if the required statement is prominently set forth on each page of the document or firmly affixed to the front of the document in a way that will bring it to the attention of anyone who looks at or reads the document.

     6.  FloridaUCC must not file in the UCC registry any document that Mr. Passmore tenders in violation of this injunction.

     7.  The court reserves jurisdiction to enforce this injunction.

     8.  The clerk must enter judgment stating:

> It is ordered that the plaintiff United States of America recover

injunctive relief against the defendants Steven Eugene Passmore ("Mr. Passmore") and FloridaUCC, Inc. ("FloridaUCC"), as follows:

    1.  Mr. Passmore must not file any financing statement or claim of lien of any kind against any federal judge, prosecutor, or other official unless Mr. Passmore has had commercial dealings with the person and the person has signed a contract, note, security agreement, or other document explicitly authorizing the filing.

    2.  FloridaUCC must remove from the Uniform Commercial Code registry each document filed by Mr. Passmore against James R. Klindt or Harvey E. Schlesinger. The removal must be done immediately and in any event by July 16, 2009.  FloridaUCC may maintain, for its own records, the original or a copy of a removed document, so long as (a) the document is maintained outside the UCC registry so that it will not be found in an ordinary search of UCC filings, and (b) the document is marked: "This document has been declared void and of no effect by the United States District Court for the Northern District of Florida in Case No. 4:09cv46."  A document is "marked" within the meaning of this paragraph only if the required statement is prominently set forth on each page of the document or firmly affixed to the front of the document in a way that will bring it to the attention of anyone who looks at or reads the document.

    3.  FloridaUCC must not file in the UCC registry any document that Mr. Passmore tenders in violation of this injunction.

9.  The clerk must close the file.

SO ORDERED on July 3, 2009.

                                               s/Robert L. Hinkle
                                               United States District Judge

*Case No: 4:09cv46-RH/WCS*